# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN GHERTLER**, | : | CIVIL NO. 1:11-CV-2385 |
| **Plaintiff,** | : | (Chief Judge Conner) |
| v. | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 15th day of August, 2014, upon consideration of the report (Doc. 80) of Chief Magistrate Judge Martin C. Carlson, recommending the court exercise abundant caution despite its mootness concerns and grant the petition (Doc. 1) for writ of habeas corpus filed by Jonathan Ghertler ("Ghertler") to the limited extent Ghertler seeks expungement of a disciplinary citation for escape, and wherein the Magistrate Judge finds, and the government largely concedes, that the government did not and cannot establish a factual record that permits an assessment of the disciplinary citation at issue, (see Doc. 80 at 4-5), but deny the petition to the extent it seeks relief barring future jailers from considering (as part of the discretionary disciplinary calculus undertaken in making placement and prerelease decisions) prior misdeeds, to include the facts relating to Ghertler's alleged disappearance from a halfway house in September of 2006, his subsequent reincarceration, and any other misconduct by Ghertler, (see id. at 12-17), and, following an independent review of the record, the court being in full agreement with the Magistrate Judge's recommended disposition of Ghertler's petition and

concluding that the report strikes an appropriate balance between the resolutions proposed by both parties, and, noting the filing of Ghertler's objection[1] (Doc. 82) to the report and recommendation, the government's (Doc. 85) response thereto, and Ghertler's reply brief (Doc. 89) in support of his objection, the court finding those objections to be without merit and squarely addressed by Judge Carlson's report, it is hereby ORDERED that:

1. The report (Doc. 80) of Chief Magistrate Judge Carlson is ADOPTED in its entirety.

2. Ghertler's petition (Doc. 1) is GRANTED to the limited extent he seeks expungement of the disciplinary citation for escape.

3. The Federal Bureau of Prisons is directed to EXPUNGE the citation for escape issued September 18, 2006, from Ghertler's disciplinary record.

4. Nothing set forth herein shall prevent prison officials from considering Ghertler's prior misdeeds, including facts relating to his alleged disappearance from a halfway house in September of 2006, his subsequent reincarceration, and any other misconduct, as part of the discretionary disciplinary calculus undertaken by Bureau of Prisons officials in making placement and prerelease decisions.

---

[1] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, Civ. No. 07-417, 2008 U.S. Dist. LEXIS 74519, at *6 (M.D. Pa. Sept. 8, 2008).

5.  Ghertler's petition (Doc. 1) is DISMISSED in all other respects.

6.  The Clerk of Court is directed to CLOSE this case.

7.  A certificate of appealability is DENIED.  <u>See</u> RULES GOVERNING SECTION 2255 CASES 11(a).


 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania